Case 4:20-cv-00545-WS-MJF   Document 159   Filed 11/21/22   Page 1 of 7
USCA11 Case: 23-10252   Document: 1-4   Date Filed: 01/25/2023   Page: 1 of 7

Page 1 of 7

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RHONDA FLEMING,

    Plaintiff,

v.                                                      4:20cv545–WS/MJF

UNITED STATES OF AMERICA,
and WARDEN ERICA STRONG,

    Defendants.

_____

ORDER ADOPTING, IN PART, AND REJECTING, IN PART,
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court is the magistrate judge's report and recommendation (ECF No. 147) dated October 3, 2022. The magistrate judge recommends that the undersigned (1) deny Defendants' motion to dismiss (ECF No. 84) Plaintiff's claim against the United States with respect to her "failure to protect" claim under the Federal Tort Claims Act ("FTCA"); (2) otherwise grant Defendants' motion to dismiss Plaintiff's FTCA claims against the United States; (3) grant Defendants' motion to dismiss Plaintiff's Eighth Amendment and First Amendment claims under *Bivens* against Warden Erica Strong. Plaintiff has filed objections (ECF No.

Case 4:20-cv-00545-WS-MJF   Document 159   Filed 11/21/22   Page 2 of 7
USCA11 Case: 23-10252   Document: 1-4   Date Filed: 01/25/2023   Page: 2 of 7

Page 2 of 7

153) to the magistrate judge's report and recommendation.

Among other things, Plaintiff objects to the magistrate judge's recommendation that her Eighth Amendment claim against Warden Strong be dismissed for failure to state a claim. She maintains that the magistrate judge failed to recognize that her Eighth Amendment claim encompassed her allegations regarding Strong's failure to remove her from a housing area containing mold and friable asbestos. Indeed, in her fifth amended complaint, she alleged:

> 42. Defendant Warden was deliberately indifferent to the safety needs of the Plaintiff before, during, and in the present continuing [COVID] pandemic, by housing the Plaintiff in an open dorm, with the following unconstitutional prison conditions:
>
>> a. Leaking roof which caused toxic mold to colonize and causing the Plaintiff to sleep in a wet bed;
>>
>> b. Ceiling, windowsills, and doors with visible toxic mold:
>>
>> . . . .
>>
>> e. Food Service building full of toxic mold, denying the Plaintiff a safe place to eat.
>>
>> . . . .
>
> 44. Defendant Warden has seen the mold and been informed of the serious health problems caused by mold and asbestos. No action was taken to remove the Plaintiff from these unconstitutional conditions, even after she was hospitalized with the [COVID] virus with symptoms worsened by inhaling toxic mold and asbestos for over two years.

In *Powell v. Lennon*, 914 F.2d 1459 (11th Cir. 1990), the Eleventh Circuit

Page 3 of 7

held that a prisoner who alleged exposure to asbestos in the dormitory adequately stated an Eighth Amendment claim under *Bivens*.[1] *See also Edwards v. Fed. Bureau of Prisons*, No. 5:10cv286–RH/GRJ, 2013 WL 709614, *1 (Feb. 27 (2013) ("Deliberately exposing an inmate to harmful substances can constitute cruel and unusual punishment in violation of the Eighth Amendment."). As stated by the Eleventh Circuit:

> The plaintiff alleges that the defendants forced him to remain in a dormitory when the dormitory atmosphere was filled with friable asbestos. Further, the plaintiff alleges that the defendants knew of the health danger and yet refused to move the plaintiff to an asbestos-free environment. This constitutes deliberate indifference to the plaintiff's serious medical needs. Accordingly, the plaintiff alleged a constitutional violation under *Bivens*.

914 F.2d at 1463. Given the Eleventh Circuit's decision in *Powell*, the undersigned finds that Plaintiff in this case has sufficiently alleged an Eighth Amendment claim against Defendant Strong.[2]

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 402 U.S. 388 (1971).

[2] The undersigned assumes that Plaintiff exhausted her administrative remedies regarding her Eighth Amendment claim regarding environmental hazards. Defendants have conceded that Plaintiff exhausted the issues related to mold. ECF No. 84 at p. 10. Defendants' less-than-complete listing of Plaintiff's many administrative complaints reveals that Plaintiff complained about leakage, safety, sanitation, and environmental conditions on more than one occasion. *Id.* Plaintiff has submitted a grievance (not included in Defendants' listing) wherein she complained: "I am a federal inmate living in a building where the roof is leaking all over the housing unit. Mold spores are all over the roof. Termites are biting us. .

Case 4:20-cv-00545-WS-MJF   Document 159   Filed 11/21/22   Page 4 of 7
USCA11 Case: 23-10252   Document: 1-4   Date Filed: 01/25/2023   Page: 4 of 7

Page 4 of 7

Plaintiff also objects to the magistrate judge's recommendation that her FTCA claim against the United States be dismissed as to her mold/asbestos contamination claim. The magistrate judge determined that such claim is barred by the FTCA's discretionary-function exception. The undersigned is unable to reach that same conclusion at this pleading stage of the case. As applied to Plaintiff's mold/asbestos contamination claim, the government's motion to dismiss (ECF No. 84), with supplemental brief regarding the discretionary function exception (ECF No. 138), goes to the merits of the case.[3] To survive dismissal, Plaintiff must simply allege a plausible claim that falls outside the discretionary function exception. *Foster Logging, Inc. v. United States*, 973 F.3d 1152, , 1159 (11th Cir. 2020) ("To survive dismissal, Plaintiffs were required to allege a plausible claim that falls outside the discretionary function exception. . . . In other words,

---

. . I can't breath at night. The mold spores have me congested, coughing and gagging. No allergy meds help. My chest hurts from coughing so much. . . .Whenever it rains, water and the chemicals from the roof are leaking in at least 20 areas of the unit." ECF No. 120, at p.10.

[3] In its motion to dismiss (in a footnote), the government states that Plaintiff "fails to show how the United States was negligent or any employees engaged in a negligent or wrongful act of omission. . . . The roof has been repaired and all reports of workplace mold were handled in accordance with the nationwide BOP guidance." ECF No. 84. p11. In its supplemental brief, the government states: "Investigation into the allegations of mold and leaks revealed FCI-Tallahassee follows the BOP guidance dated June 11, 2015, concerning reports of work place mold and that the roof in A-Unit was repaired with roof sealant and that inmates have subsequently been removed from A-Unit housing." ECF No. 138, p. 9.

Case 4:20-cv-00545-WS-MJF   Document 159   Filed 11/21/22   Page 5 of 7
USCA11 Case: 23-10252   Document: 1-4   Date Filed: 01/25/2023   Page: 5 of 7

Page 5 of 7

Plaintiffs' complaint must have alleged facts showing that a government employee engaged in conduct that, by its nature, is not the kind of conduct that is based on or grounded in considerations of public policy." (Internal quotation marks and citations omitted)). Here, Plaintiff's allegations regarding the government's alleged failure to address mold and asbestos contamination in Plaintiff's housing unit are sufficient, if barely so, to survive the government's motion to dismiss. *See Douglas v. United States*, 814 F.3d 1268, 1275 (11 Cir. 2016) (noting that, where "the government's discretionary function challenge is based on factual contentions that go right to the merits of the overall case, . . . [t]he court can then address this challenge in the proper manner: after discovery and with the protections of either a trial or review on summary judgment"); *see also Whisnant v. United States*, 400 F.3d 1177, 1183 (9th Cir. 2005) ("Because removing an obvious health hazard is a matter of safety and not policy, the government's alleged failure to control the accumulation of toxic mold . . . cannot be protected under the discretionary function exception."); *Gibson v. United States*, 809 F.3d 807, 813 (5th Cir. 2016) (noting that the "Government's decisions about routine property maintenance, decisions with which any private landowner would be concerned, are not susceptible to the kind of policy analysis shielded by the discretionary function exception"); *S.R.P. ex rel. Abunabba v. United States*, 676

Case 4:20-cv-00545-WS-MJF   Document 159   Filed 11/21/22   Page 6 of 7
USCA11 Case: 23-10252   Document: 1-4   Date Filed: 01/25/2023   Page: 6 of 7

Page 6 of 7

F.3d 329, 340 (3d Cir. 2012) (noting that the discretionary function exception does not apply "where the Government is aware of a specific risk of harm, and eliminating the danger would not implicate policy but would involve only garden-variety remedial measures").

Accordingly, it is ORDERED:

1. The magistrate judge's report and recommendation (ECF No. 147) is REJECTED to the extent the magistrate judge recommends dismissal of (1) Plaintiff's Eighth Amendment claim against Warden Strong; and (2) Plaintiff's FTCA claim against the United States for mold and asbestos contamination. The magistrate judge's report and recommendation (ECF No. 147) is otherwise ADOPTED.

2. The government's motion to dismiss (ECF No. 84) is GRANTED as to (1) Plaintiff's First Amendment claim against Warden Strong; and (2) Plaintiff's FTCA claim against the United States for failure to provide for "social distancing" during the pandemic.

3. Plaintiff's First Amendment claim against Warden Strong and Plaintiff's FTCA "social distancing" claim against the United States are DISMISSED as recommended by the magistrate judge.

4. The clerk shall return the case to the magistrate judge for further

Case 4:20-cv-00545-WS-MJF   Document 159   Filed 11/21/22   Page 7 of 7
USCA11 Case: 23-10252   Document: 1-4   Date Filed: 01/25/2023   Page: 7 of 7

Page 7 of 7

proceedings.

DONE AND ORDERED this <u>   21st   </u> day of <u>   November   </u>, 2022.


<u>s/ William Stafford                              </u>
WILLIAM STAFFORD
SENIOR UNITED STATES DISTRICT JUDGE