No. 23-10252

___

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT
___

RHONDA FLEMING,

                      Plaintiff-Appellee,

v.

UNITED STATES OF AMERICA, et al.,

                      Defendants,

v.

FCI TALLAHASSEE WARDEN,

                      Defendant-Appellant.
___

DEFENDANT-APPELLANT'S OPPOSITION TO MOTION
FOR SUMMARY AFFIRMANCE
___

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Eleventh Circuit Rule 26.1-1, I hereby certify that the Certificate of Interested Persons contained in appellant's opening brief is complete. As far as the undersigned is aware, no publicly traded corporation has an interest in the outcome of this appeal.

May 11, 2023.

*s/ Laura E. Myron*
Laura E. Myron

Following the filing of the defendant-appellant's opening brief, plaintiff-appellee moved for this Court to grant summary affirmance or, in the alternative, to appoint counsel and stay the briefing schedule. The defendant opposes the request to grant summary affirmance, and takes no position on plaintiff's request for a stay and appointment of counsel.

## BACKGROUND

The present appeal arises from plaintiff's suit against Federal Correctional Institute Tallahassee Warden Erica Strong alleging, *inter alia*, an Eighth Amendment claim pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See* Dkt. No. 61, at 11-14 (Amended Complaint). Plaintiff's complaint alleges that the defendant was "deliberately indifferent to the safety needs of the plaintiff . . . by housing the plaintiff in an open dorm, with the following unconstitutional prison conditions," including a "[l]eaking roof," "visible toxic mold," "the inability to socially distance," and a "[l]ack of proper sanitation and ventilation." *Id.* at 13. The district court denied the defendant's motion to dismiss with respect to plaintiff's Eighth Amendment *Bivens* claim. *See* Dkt. No. 159, at 2-3 (Order). The defendant appealed that denial to this Court, arguing that district court should have dismissed the claim based on recent Supreme Court decisions reaffirming that the expansion of *Bivens* is disfavored. *See Ziglar v. Abbasi*, 582 U.S. 120 (2017); *Egbert v. Boule*, 142 S. Ct. 1793 (2022).

Plaintiff asks this Court to summarily affirm the district court's decision, arguing that (1) the opening brief misconstrues her underlying claims as a conditions-of-confinement claim rather than a claim for deliberate indifference to a serious medical need, *see* Mot. at 1-2; and (2) that this Court lacks jurisdiction to hear the appeal, *id.* at 2. In the alternative, plaintiff requests a stay of the briefing schedule and for the court to appoint counsel.

## ARGUMENT

1. Summary affirmance is not appropriate in this case because the appeal is not "frivolous" nor is the district court's opinion "clearly right as a matter of law." Mot. 1 (quoting *Groendyke v. Transp, Inc.*, 406 F.2d 1158, 1162 (5th Cir. 1969)). Plaintiff argues that defendant "misconstrues the claim" to be based on conditions of confinement rather than one of deliberate indifference to serious medical need and that this Court should grant summary affirmance because the claim is "squarely within the context of a claim similar to *Carlson v. Green*, 446 U.S. 14 (1980)." Mot. 2.

a. As an initial matter, the opening brief does not misconstrue plaintiff's claims. As noted, plaintiff's complaint challenges the housing conditions at FCI Tallahassee. It alleges that "Defendant Warden was deliberately indifferent to the safety needs of the Plaintiff . . . by housing the Plaintiff in an open dorm with the following unconstitutional prison conditions," including a "[l]eaking roof which caused toxic mold to colonize and causing Plaintiff to sleep in a wet bed;" "[c]eiling, windowsills, and doors with visible toxic mold;" "[o]ver 80 inmates in A-South Housing Unit,

2

denying the Plaintiff the inability to social distance;" a "[l]ack of proper sanitation and ventilation;" and a "Food Service building full of toxic mold, denying the Plaintiff a safe place to eat." Dkt. No. 61, at 13. The complaint further alleges that "[t]he conditions listed above are and continue to be visible to Defendant Warden" and that "[n]o action has been taken to remove the Plaintiff from these unconstitutional conditions." *Id.* The defendant has fairly characterized the allegations in this case as a challenge to the conditions of plaintiff's confinement.

Comparing plaintiff's complaint to the allegation in *Carlson*—a case concerning deliberate indifference to serious medical need—is illuminating. In *Carlson*, the plaintiff's estate had alleged that the prison officials, "failed to give him competent medical attention for some eight hours after he had an asthmatic attack, administered contra-indicated drugs which made his attack more severe, attempted to use a respirator known to be inoperative which further impeded his breathing," and "delayed for too long a time his transfer to an outside hospital," resulting in his death. *Carlson*, 446 U.S. at 16 n.1. Plaintiff cannot avoid the fact that here the complaint is challenging the conditions of her confinement at FCI Tallahassee merely by arguing that the allegedly unconstitutional conditions pose risk to inmates' health and safety.

The above comparison to *Carlson* further underscores that this case is not "squarely within" (Mot. 2) the context for which the Supreme Court has previously recognized an Eighth Amendment *Bivens* claim. As explained in the opening brief, (Br. 7-11) the Supreme Court's recent decision in *Abbasi* makes clear that the continued

3

expansion of *Bivens* to "any new context or new category of defendants" beyond the three specific contexts at issue in *Bivens*, *Davis* [*v. Passman*, 442 U.S. 228 (1979)], and *Carlson* is a "disfavored judicial activity." 582 U.S. at 135 (quoting *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 68 (2001), and then quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). The above outlined differences between plaintiff's allegations and those at issue in *Carlson* show that plaintiff's Eighth Amendment claim involves a new context from that of *Carlson*.

Moreover, as outlined in the opening brief, (Br. 15-20) multiple special factors counsel against recognizing a *Bivens* claim in this context, including the existence of legislative and administrative remedies and separation-of-powers concerns. *See, e.g.*, *Abbasi*, 582 U.S. at 137 (explaining that a *Bivens* remedy should not be inferred if "there [is even one] sound reason[] to think Congress might doubt the efficacy or necessity of a damages remedy as part of the system for enforcing the law and correcting a wrong").

Plaintiff's reliance on *Powell v. Lennon*, 914 F.2d 1459 (11th Cir. 1990), is likewise misplaced. As explained in the opening brief (Br. 11-12), *Powell* predated the Supreme Court's recent *Bivens* jurisprudence, outlined in *Egbert*, *Hernandez v. Mesa* (*Hernandez II*), 140 S. Ct. 735, 742 (2020), and *Abbasi*, and it can no longer be considered good law to assume the availability of a cause of action under *Bivens* without consideration of whether there is a new context and whether special factors counsel hesitation by the judiciary. *See, e.g.*, *Hernandez v. Mesa* (*Hernandez I*), 137 S. Ct.

4

2003, 2006-07 (2017) (remanding for the court of appeals to consider how *Abbasi* affects the availability of a *Bivens* remedy); *see also, e.g., Mack v. Yost*, 968 F.3d 311, 319 (3d Cir. 2020) ("But since the Supreme Court's decision in *Abbasi*, our prior decisions permitting a *Bivens* action for First Amendment claims are clearly called into question and are no longer controlling."). Plaintiff's motion acknowledges that this Court in *Powell* was "ahead of the Supreme Court." Mot. 1. Consideration of a new context and a special factors analysis—which the district court here failed to do— is necessary even in cases that have "significant parallels" to *Bivens, Davis,* or *Carlson*, because "even a modest extension is still an extension." *Abbasi*, 582 U.S. at 147.[1]

    b. Plaintiff is similarly incorrect to argue that summary affirmance is appropriate because this Court lacks jurisdiction over the appeal. Whether the collateral order doctrine applies to a district court's decision to extend a non-statutory *Bivens* remedy is an open question in this Court.[2] It is true that two courts of appeals have concluded that the collateral order doctrine does not apply, *see Graber v. Doe*, 59 F.4th 603, 617 (3d Cir. 2023); *Himmelreich v. Federal BOP*, 5 F.4th 653 (6th Cir. 2021), but as outlined in the opening brief, Br. 20-30, those decisions are incorrect. And, in any event, if this Court were to determine that it lacked jurisdiction over this appeal,

---

[1] Nor does plaintiff's reliance on either *Helling v. McKinney*, 509 U.S. 25 (1993), or *Zakora v. Chrisman*, 44 F.4th 452 (6th Cir. 2022), advance her *Bivens* claim here as those are both cases brought under 42 U.S.C. § 1983 against state prison officials for Eighth Amendment violations.

[2] The question is also currently pending before the Tenth Circuit. *See Mohamed v. Jones*, No. 22-1453 (10th Cir.).

the appropriate course would be to dismiss the appeal for want of jurisdiction, not to summarily affirm the lower court decision.

    2. The defendant takes no position on plaintiff's request, in the alternative, to stay the briefing schedule and appoint counsel.

## CONCLUSION

    Plaintiff's motion for summary affirmance should be denied.

Respectfully submitted,

BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney General*

BARBARA L. HERWIG
 s/ *Laura E. Myron*
LAURA E. MYRON
*Attorneys, Appellate Staff*
*Civil Division, Room 7228*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 514-4819*
*Laura.e.myron@usdoj.gov*

May 2023

6

## CERTIFICATE OF COMPLIANCE

This opposition complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,373 words. This opposition also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Microsoft Word 2016 in Garamond 14-point font, a proportionally spaced typeface.

*s/ Laura E. Myron*
Laura E. Myron

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2023, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit by using the appellate CM/ECF system. Service will be accomplished by the appellate CM/ECF system, except for the following, who will be served via U.S. Mail:

> Rhonda Fleming
> Inmate ID#: 20446-009
> FCI Dublin
> 5701 8th Street – Camp Parks
> Dublin, CA 94568

                                            *s/ Laura E. Myron*
                                            Laura E. Myron